## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 7 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

|  |  |
|---|---|
| RICHARD L. COX, TRUSTEE ON BEHALF OF BANKRUPTCY ESTATE OF KELLY RYAN | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| THE AMERICAN RED CROSS; and JOHN DOE DEFENDANTS 1-5 | ) ) ) |
| Defendant. | ) ) ) ) |

CIVIL ACTION NO. *4:17cv113-JLH*

This case assigned to District Judge *Holmes*
and to Magistrate Judge *Volpe*

## NOTICE OF REMOVAL PURSUANT
## TO 28 U.S.C. §§ 1441 and 1446

The American National Red Cross ("Red Cross") hereby files, pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal of a certain action pending in the Circuit Court of Pulaski County, Arkansas and in support thereof states as follows:

1.      The Red Cross is the defendant in an action entitled *Richard L. Cox, Trustee on behalf of Bankruptcy estate of Kelly Ryan v. American Red Cross; and John Doe Defendants 1-5,* Civil Action No. 60CV-17-298, which is pending in the Circuit Court of Pulaski County, Arkansas (the "State Court Action").

2.      On or about February 1, 2017, plaintiff served on the Red Cross a Civil Summons and Complaint.  No prior papers were served on the Red Cross in the State Court Action.

3.     In accordance with 28 U.S.C. § 1446(a), and to the best of the Red Cross's knowledge, the papers attached hereto as **Exhibit "A"** are all of the process, pleadings, and orders served to date upon the defendant in the State Court Action.

4.     Federal subject matter jurisdiction exists in this action by virtue of 36 U.S.C. § 300105, a provision of the Red Cross's federal charter that grants it the power to "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States."

5.     The United States Supreme Court has held that the Red Cross's charter creates original federal jurisdiction over suits involving the Red Cross and that therefore the Red Cross is entitled to remove to federal court all state court actions it is defending. *American National Red Cross v. S.G.*, 505 U.S. 247 (1992).

6.     The Red Cross desires to remove the State Court Action to this Court and submits this Notice, along with the attached Exhibits, in accordance with 28 U.S.C. §§ 1441 and 1446.

7.     This Notice is being filed within 30 days after service on the Red Cross of a copy of the Complaint in the State Court Action and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

8.     Written notice of the filing of this Notice of Removal will be given to all parties and, together with a copy of the Notice of Removal and supporting papers, will be filed with the Clerk of the Circuit Court of Pulaski County, Arkansas, as provided by 28 U.S.C. § 1446(d). *See* Certificate of Compliance with 28 U.S.C. § 1146(d) (attached as **Exhibit B**).

WHEREFORE, the Red Cross prays that the State Court Action be removed to this Court. Dated this 24th day of February, 2017.

Respectfully submitted,

Michelle Ator (Ark. Bar #95189)
Khayyam M. Eddings (Ark. Bar #2002008)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 370-1417
Facsimile: (501) 537-2903
E-mail: keddings@fridayfirm.com

Counsel for Defendant
American National Red Cross

By: _____
        Khayyam M. Eddings

## CERTIFICATE OF SERVICE

I, Khayyam M. Eddings, hereby certify that on this 27th day of February, 2017, I have filed

this Notice of Removal with the Clerk of the Court, caused it to be uploaded to the CM/ECF system,

and served by first class mail, postage prepaid, on each of the following:

Tony L. Wilcox
Wilcox Law Firm
600 South Main Street
Jonesboro, AR 72401

Chris A. Averitt
Scholtens & Averitt, PLC
600 South Main Street
Jonesboro, AR 72401

By: _____
        Khayyam M. Eddings

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. ALICE S. GRAY - 12TH DIVISION 6TH CIRCUIT**

RICHARD L COX TRUSTEE V AMERICAN RED CROSS ET AL

60CV-17-298

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

  AMERICAN RED CROSS
2025 East St., N.W.
Washington, D.C.
Washington, D.C., WA  20006

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Chris A. Averitt
600 South Main Street
Jonesboro, AR  72401

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

Interrogatories and Request for Production of Documents



Address of Clerks Office

CLERK OF COURT

LARRY CRANE,  CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

CLERK Christy Renee McDaniel, DC

Date: 01/20/2017

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Christy R McDaniel

Circuit Clerk
Date: 01/20/2017

No. 60CV-17-298 This summons is for AMERICAN RED CROSS (name of Defendant).

## PROOF OF SERVICE

❏ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❏ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❏ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❏ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____    By: _____
                         [Signature of server]


                         _____
                         [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


                         _____
                         Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| RICHARD L. COX, TRUSTEE ON BEHALF OF BANKRUPTCY ESTATE OF KELLY RYAN | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. _____ |
| THE AMERICAN RED CROSS; and JOHN DOE DEFENDANTS 1-5 | ) ) ) ) | |
| Defendant. | ) ) ) ) | |

### CERTIFICATE OF COMPLIANCE
### WITH 28 U.S.C. § 1446(d)

The American National Red Cross ("Red Cross"), by its counsel, hereby certifies that it has

given written notice of the filing of its Notice of Removal to all parties in the above-captioned action

and that it has filed a copy of the Notice of Removal with the Clerk of the Circuit Court of Pulaski

County, Arkansas.

Dated this 27th day of February, 2017.

Respectfully submitted,

Michelle Ator (Ark. Bar #95189)
Khayyam M. Eddings (Ark. Bar #2002008)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 370-1417
Facsimile: (501) 537-2903
E-mail: keddings@fridayfirm.com

Attorneys for Defendant Red Cross

By: _____
Khayyam M. Eddings

EXHIBIT
B

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Jan-19  16:23:38
60CV-17-298
C06D12 : 17 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

RICHARD L. COX, TRUSTEE, ON BEHALF OF THE
BANKRUPTCY ESTATE OF KELLY RYAN                          PLAINTIFF

vs.                              CASE NO.     _

AMERICAN RED CROSS; and JOHN DOE
DEFENDANTS 1-5                                          DEFENDANTS

## COMPLAINT

The Plaintiff, Richard L. Cox, Trustee, on Behalf of the Bankruptcy Estate of Kelly Ryan,

states the following as his Complaint against the Defendant, American Red Cross:

### Parties

1.      Kelly Ryan is a resident of White County, Arkansas.  On March 21, 2016, Kelly Ryan

filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.  *In Re: Kelly Ryan,*

*Debtor,* United States Bankruptcy Court, Eastern District of Arkansas, Little Rock Division, Case

No. 16-11527.

2.      Plaintiff is the Trustee in the above-entitled case duly qualified and acting.  Plaintiff

has been authorized to employ attorneys for special purpose pursuant to 11 U.S.C. § 327 to pursue

this matter.  See Exhibit "A" attached hereto and incorporated herein by reference.

3.      American Red Cross is a federally chartered corporation.  See 36 U.S.C. §§

300101-02.  American Red Cross operates a nationwide blood bank that collects blood and blood

components from donors and supplies it to hospitals for use in transfusions.  American Red Cross's

blood banking activities are subject to regulations enforced by the United States Food and Drug

Administration.

4.      John Doe Defendants 1-5 were servants, agents, employees or ostensible agents of American Red Cross who were charged with caring for Kelly Ryan.  They are individually liable for their conduct as described herein, and American Red Cross should be held vicariously liable for their conduct under principles of agency and respondeat superior.  The identity of all such individuals are unknown at this time.  Pursuant to Ark. Code Ann. § 16-56-125 and the Affidavit attached hereto as Exhibit "B", when the identity of these individuals or entities is discovered, this pleading will be appropriately amended.

### Jurisdiction and Venue

5.      This Court has jurisdiction of this matter under 36 U.S.C. § 300105(a)(5), a provision in American Red Cross's charter providing that it may "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." 36 U.S.C. 300105(a)(5).  Jurisdiction in this court is proper pursuant to Ark. Const. Art. 7 § 11, Ark. Code Ann. § 16-13-201, and Ark. Const. Amendment 80, § 6.  This Court has personal jurisdiction over the Defendants due to the Defendants' contacts with the State of Arkansas.  The medical treatment and events giving rise to this cause of action occurred in Little Rock, Pulaski County, Arkansas.

6.      The events giving rise to this lawsuit occurred in Arkansas.  Venue is proper pursuant to Ark. Cod Ann. § 16-60-112 and § 16-55-213(e) as the treatment giving rise to this cause of action occurred in Little Rock, Pulsaki County, Arkansas.

### Factual Allegations

7.      Paragraphs 1 through 6 are incorporated herein by reference.

8.      This is an action for injuries, past and future pain and suffering and mental anguish, and past and future lost wages and lost earning capacity.

-2-

9.     Kelly Ryan has a severe allergy to iodine.  Despite her severe allergy, she chose to voluntarily donate blood to help people survive medical emergencies.  This type of altruistic behavior should be encouraged in a civilized society.  Kelly Ryan trusted American Red Cross to accept her donation in a safe manner given her known and disclosed allergy to iodine.

10.     On February 17, 2015, Kelly Ryan voluntarily participated in a blood drive conducted by American Red Cross that took place in a meeting room located inside the East Campus building of the Arkansas Children's Hospital.  Ms. Ryan had previously donated blood without incident and was in American Red Cross' donor system.

11.     Regarding Ms. Ryan's attempts to donate blood, American Red Cross completely controlled the donation process, including the maintenance of its facilities, the intake process, the screening process, the personnel involved, the forms used, the equipment used, the process used to clean equipment, and the procedures and protocols to be followed by its employees, agents and representatives.  American Red Cross controlled the process to be followed to communicate American Red Cross policies and procedures to its employees, agents and representatives involved in the blood donation process.

12.     After Ms. Ryan was signed in on a computer by a Red Cross representative, she informed the American Red Cross representative of her severe allergy to iodine.  Iodine exposure to individuals with an allergy is serious and often immediately life threatening.  Had Ms. Ryan been informed of the use of iodine and/or the potential exposure to iodine at this location she should have simply not followed through with her voluntary donation.  American Red Cross was required to have protocols in place to prevent people with this allergy from being exposed to this dangerous chemical.  Ms. Ryan was assured that she would not be exposed to iodine.

-3-

13.     Ms. Ryan was instructed to sit in a black chair and to place her arm on the arm rest.

14.     Unbeknownst to Ms. Ryan, the American Red Cross representatives were not following proper protocols to prevent iodine exposure.

15.     Also unbeknownst to Ms. Ryan, the chair in which Ms. Ryan had been instructed to sit, was covered with iodine.  As a result, Ms. Ryan was improperly and significantly exposed to iodine when she sat in the chair at the instruction of the American Red Cross representative.

16.     Ms. Ryan first noticed her arm was itching.  When she looked at her arm, she noticed it was covered in whelps and iodine.  She ran to the restroom across the hall.

17.     Ms. Ryan told a co-worker and the American Red Cross representatives that she had been exposed and that she was rushing to the emergency room (located in another building of Arkansas Children's Hospital).  She also stated that she needed an Epi-Pen.

18.     After Ms. Ryan left the room, the American Red Cross representative admitted to persons who were present that her chair had not been properly cleaned.  The representative then wiped down the chair.

19.     On her way to the emergency room, Ms. Ryan flagged down a security guard who transported her to a trauma room.

20.     Ms. Ryan was diagnosed with an anaphylactic allergic reaction.  She was fighting for air because her throat was closing up.  She was emergently treated with epinephrin and was transferred to the hospital at University of Arkansas For Medical Sciences (UAMS) via ambulance.

21.     At UAMS, Ms. Ryan arrived with worsening respiratory distress. She was intubated and admitted to the Medical Intensive Care Unit. She suffered a Myocardial Infarction (heart attack). She remained intubated until February 19. She was discharged on February 22 and advised to make

-4-

a plan of continued care with a cardiologist. Ms. Ryan continues to suffer from permanent damage to her heart.

22.     American Red Cross is required to document donor complications pursuant to a consent decree reached by American Red Cross and the United States in *United States v. American National Red Cross*, No. 93–0949, 1993 WL 186094, at 1 (D.D.C. May 12, 1993). The case arose when the United States filed a complaint for permanent injunctive relief on behalf of the FDA alleging that the Red Cross violated the Federal Food, Drug, and Cosmetic Act and the Public Health Service Act. The Consent Decree, which was amended in 2003, requires the Red Cross to follow certain policies and procedures regarding blood safety.

23.     American Red Cross has represented that its representatives failed to create or produce a "Donor Reaction/Injury Record" (DRIR) for this incident. DRIR's are used by American Red Cross to document possible complications from blood donations.   Entries are made memorializing the potential complications described by the donor, symptoms described by the donor, and conversations between the donor and American Red Cross Representatives.  The types of information contained in a DRIR may include a description of general instructions given to the donor, and whether the donor is seeking medical care and from whom.

24.     To this date, American Red Cross either cannot, or it refuses to, disclose the identity of its employees, agents and representatives involved in this incident.  It also cannot, or refuses to, identify whether the people involved in the donor process were trained, licensed medical care professionals.

## COUNT I
## MEDICAL NEGLIGENCE

25.     Paragraphs 1 through 24 are incorporated herein by reference.

26.     American Red Cross operates a nationwide blood bank that collects blood and blood components from donors and supplies it to hospitals. American Red Cross's blood banking activities are subject to regulations enforced by the United States Food and Drug Administration.

27.     American Red Cross provided medical care to Kelly Ryan.  American Red Cross employed medical care professionals who had a non-delegable duty to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of their profession in good standing, engaged in the same specialty in the locality in which they practice.

28.     American Red Cross employed John Doe medical care professionals who failed to meet the requisite standard of care by, among other things:

  (a)     Improperly exposing Ms. Ryan to iodine after having been advised of her severe allergy;

  (b)     Improperly reusing gloves, chairs and other items of equipment without properly cleaning these items;

  (c)     Using contaminated equipment for patient care;

  (d)     Failing to follow proper protocols to ensure that patients, such as Ms. Ryan, with known allergies to iodine, were not exposed to iodine during the blood donation process;

  (e)     Failing to properly monitor and observe Ms. Ryan and to ensure a continuity of care;

  (f)     Failing to provide, with reasonable care, the degree of skill and

-6-

learning ordinarily possessed and used by a members of their profession in good standing, engaged in the same specialty in the locality in which they practice;

(g)     Failure to timely and properly respond to Ms. Ryan's medical emergency;

(h)     Failing to properly document Plaintiff's reaction and injury; and

(I)     Otherwise failing to meet the standard of care, including taking measures to conceal their negligence.

29.     Medical care professionals possessing, and applying with reasonable care, the degree of skill and learning ordinarily possessed and used by members of the profession in good standing would have ensured that Ms. Ryan was not exposed to iodine.

30.     American Red Cross employed John Doe medical care professionals who caused an emergent condition and then failed to respond in a timely fashion or with adequate evaluation, intervention, and treatment, directly causing the injuries to Ms. Ryan. These medical care professionals' failures to meet the requisite standard of care was the proximate cause of all injuries and damages suffered by Ms. Ryan.

31.     The negligence involved with the care of Ms. Ryan was perpetrated by the employees, agents and representatives of American Red Cross and therefore, any such negligence is imputed upon American Red Cross by the doctrine of respondeat superior and vicarious liability.

32.     As a proximate result of the joint and several negligence of the Defendants, Ms. Ryan suffered conscious pain, suffering, discomfort, mental anguish, and other damages described below.

## COUNT II
## BREACH OF THE DUTY TO OBTAIN MS. RYAN'S INFORMED CONSENT

33.     Paragraphs 1 through 32 are incorporated herein by reference.

34.     Kelly Ryan has a severe allergy to iodine.  Despite her severe allergy, she chose to voluntarily donate blood to help people survive medical emergencies.  This type of altruistic behavior should be encouraged in a civilized society.  Kelly Ryan trusted American Red Cross to accept her donation in a safe manner given her known and disclosed allergy to iodine.

35.     American Red Cross provided medical care to Kelly Ryan.

36.     Ms. Ryan's voluntary attempt to donate blood did not constitute an emergency situation.  Thus, American Red Cross employed medical care professionals who had a non-delegable duty to obtain Ms. Ryan's consent before exposing her to dangerous chemicals such as iodine during the blood donation process.

37.     In obtaining consent, American Red Cross' medical care professionals had a duty to supply adequate information to enable Ms. Ryan to make a reasoned and intelligent decision before submitting Ms. Ryan to a process that would result in her exposure to the dangerous chemical known as iodine.

38.     American Red Cross employed medical care professionals who breached these duties and failed to obtain Ms. Ryan's informed consent before exposing her to the dangerous chemical known as iodine.

39.     Had American Red Cross' medical care professionals informed Ms. Ryan that she would have been exposed to iodine during the blood donation process, she would have not consented to such exposure.  In fact, had Ms. Ryan been adequately informed of the risk of iodine exposure

associated with American Red Cross' blood donation process, she would have not followed through with her voluntary blood donation, would not have been exposed to iodine, and would not have suffered the damages described herein.

40.     The breach of the duty to obtain Ms. Ryan's informed consent before exposing her to the dangerous chemical known as iodine was perpetrated by the employees, agents and representatives of American Red Cross and therefore, any such breach, and the resulting liability, is imputed upon American Red Cross by the doctrine of respondeat superior and vicarious liability.

41.     As a proximate result of the joint and several breaches of the duty to obtain informed consent perpetrated by the Defendants, Ms. Ryan suffered conscious pain, suffering, discomfort, mental anguish, and other damages described below.

## COUNT III
## ORDINARY NEGLIGENCE AND INADEQUATE POLICIES AND PROCEDURES:

42.     Paragraphs 1 through 41 are incorporated herein by reference.

43.     American Red Cross operates a nationwide blood bank that collects blood from donors and supplies it to hospitals for use in transfusions. American Red Cross's blood banking activities are subject to regulations enforced by the United States Food and Drug Administration.

44.     American Red Cross represents to the public and potential blood donors that it is a competent and competently-staffed organization that operates a nationwide blood bank that collects blood and blood components from donors and supplies it to hospitals for use in transfusions. Despite the representations, American Red Cross does not have policies and procedures related to the prevention of iodine exposure for patients with iodine allergies. Alternatively, American Red Cross does not have adequate policies and procedures in place to ensure that its policies and procedures

relating to the prevention of iodine exposure are followed and enforced by its employees, agents and representatives.

45.    Regarding Ms. Ryan's attempts to donate blood, American Red Cross completely controlled the donation process, including the maintenance of its facilities, the intake process, the screening process, the personnel involved, the forms used, the equipment used, the process used to clean equipment, and the procedures and protocols to be followed by its employees, agents and representatives.   American Red Cross controlled the process to be followed to communicate American Red Cross policies and procedures to its employees, agents and representatives involved in the blood donation process.

46.    American Red Cross was responsible for Ms. Ryan while under its care and undertook to care for her during the blood donation process, an undertaking which established a duty of ordinary care to her.

47.    Iodine allergies are known to The American Red Cross to be a risk involved in the donation of blood.  Iodine exposure is a known risk during the blood donation process and must be prevented through the use of proper procedures, protocols and training.  Had Ms. Ryan been informed of the use of iodine and/or the potential exposure to iodine at this location she would have simply not followed through with her voluntary donation.

48.    American Red Cross breached its duty owed to Ms. Ryan by causing her to be exposed to iodine after being advised of her severe allergy. American Red Cross failed to implement proper policies and protocols to prevent Ms. Ryan's exposure.  Additionally, American Red Cross failed to have proper protocols and policies in place to communicate the method that its employees, agents and representatives should follow to ensure that donors with known iodine allergies, such as

Ms. Ryan, were not exposed to iodine during the donation process.

49.     Additionally, while acting as a medical care facility, American Red Cross had a duty to use ordinary care to determine the physical condition of Ms. Ryan and to furnish her the care and attention reasonably required by her condition and known allergy to iodine.  American Red Cross breached its duty owed to Ms. Ryan by failing to use ordinary care to determine Ms. Ryan's physical condition and to furnish her the care and attention reasonably required by her condition.

50.     American Red Cross knew, or in the exercise of ordinary care should have known, that it was employing and/or using non-medical individuals who were not properly trained to prevent iodine exposure during the blood donation process.

51.     American Red Cross was negligent in that it failed to exercise ordinary care to investigate and ensure that its non-medical care positions were filled with sufficient, adequate, qualified, and trained personnel.

52.     American Red Cross was also negligent in that it failed to exercise ordinary care to investigate and ensure that it was staffed with sufficient, adequate, qualified, and trained non-medical personnel.  The hiring, utilizing, and retaining of insufficient and inadequate non-medical staff was negligence and was a proximate result of the injuries suffered by Ms. Ryan.

53.     The negligence involved with the care of Ms. Ryan was perpetrated by the employees, agents and representatives of American Red Cross and therefore, any such negligence is imputed upon American Red Cross by the doctrine of respondeat superior and vicarious liability.

54.     The failures and negligence of American Red Cross and its employees, agents and representatives were a direct and proximate cause of the injuries and damages suffered by Ms. Ryan.

## DAMAGES

55.     After the exposure, Ms. Ryan was diagnosed with an anaphylactic allergic reaction. She was fighting for air because her throat was closing up.  She was emergently treated with epinephrin and was transferred to the hospital at University of Arkansas For Medical Sciences (UAMS) via ambulance.

56.     At UAMS, Ms. Ryan arrived with worsening respiratory distress. She was intubated and admitted to the Medical Intensive Care Unit.  She suffered a Myocardial Infarction (heart attack). She remained intubated until February 19.  She was discharged on February 22 and advised to followup with a cardiologist.  Ms. Ryan continues to suffer permanent damage to her heart.

57.     Kelly Ryan prays that she have and recover damages and judgment from and against the Defendants as compensation for conscious mental and physical pain and suffering and emotional distress, past and future medical expenses necessitated by the iodine exposure; loss of earnings; loss of earning capacity; the present value of the loss of future earnings; and for all other damages allowed by law in an amount which exceeds the amount required for federal diversity jurisdiction.

58.     From the time of her arrival to the time of her exposure, there were repeated instances of lack of care, substandard care, and improper care by unqualified and untrained individuals.  There was also a failure on the part of American Red Cross' employees, agents and representatives to follow the most basic procedures demonstrating a lack of training by American Red Cross and also inadequate procedures in place.  These instances of negligence and inaction are actionable in isolation and in combination, and they also demonstrate a reckless disregard for, and a conscious indifference to, Ms. Ryan's health and well being justifying the award of punitive damages.

-12-

59.     American Red Cross knew or should have known in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage, and Defendants continued the conduct with malice and in reckless disregard of the consequences from which malice might be inferred.

60.     American Red Cross is required to document donor complications pursuant to a consent decree reached by American Red Cross and the United States in *United States v. American National Red Cross*, No. 93-0949, 1993 WL 186094, at 1 (D.D.C. May 12, 1993). The Consent Decree requires American Red Cross to follow certain policies and procedures regarding blood safety. American Red Cross failed and refused to produce a "Donor Reaction/Injury Record" (DRIR) for this incident. American Red Cross has also refused to disclose the identity of its representatives involved in this incident. Thus, American Red Cross has engaged in a cover up regarding this terrible event. Accordingly, Ms. Ryan is entitled to punitive damages in an amount to be determined by the jury and an adverse inference instruction at trial.

61.     Ms. Ryan should have and recover judgment in an amount to be set by the jury in excess of the minimum amount required for federal court diversity from Defendants as compensatory damages. She should also be awarded punitive damages as appropriate.

62.     Plaintiff reserves the right to amend this Complaint and plead further in this case.

63.     Plaintiff respectfully demands a jury trial.

WHEREFORE, the Plaintiff, Richard L. Cox, Trustee, on Behalf of the Estate of Kelly Ryan, prays that he have and recover judgment from and against the Defendants, jointly and severally in an amount in excess of the minimum amount for federal court diversity jurisdiction; for punitive damages; for all other damages allowed by law; and for all other relief for which he may be entitled.

Respectfully Submitted,

Tony L. Wilcox (#93084)
**Wilcox Law Firm**
600 South Main Street
Jonesboro, Arkansas 72401
(870) 931-3101

-and-

Chris A. Averitt (#98123)
**Scholtens & Averitt, PLC**
600 South Main Street
Jonesboro, Arkansas 72401
(870) 972-6900

Attorneys for Plaintiff

By: _____
Chris A. Averitt (#98123)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE:  KELLY RYAN, DEBTOR

CASE NO.  16-11527
CHAPTER 7

ORDER GRANTING
APPLICATION TO EMPLOY ATTORNEYS
FOR SPECIAL PURPOSE

Comes on for consideration the Application of Richard L. Cox, Trustee, to
Employ Attorneys for Special Purpose (DE #37) (hereafter "the Application"), and the
Court finds as follows:

1.      The Debtor filed a Voluntary Petition for Relief under Chapter 7 of the
Bankruptcy Code on March 21, 2016.

2.      Applicant is the Trustee in the above-entitled case duly qualified and
acting.

3.      Applicant wishes to employ as attorneys for special purpose pursuant to
11 U.S.C. § 327 Wilcox & Lacy, PLC, Scholtens & Averitt, PLC and Rainwater Holt &
Sexton (hereinafter referred to as Attorneys), to continue to handle litigation matters for
which said attorneys have previously represented the Debtor regarding a personal injury
claim.

4.      Applicant has selected Attorneys for the reason that said firms represented
the Debtor in regard to the aforesaid personal injury claim prior to the commencement of
the instant bankruptcy and has a sufficient degree of familiarity with such matters that it
would be inefficient to change counsel at this stage.

EOD: September 12, 2016



75704030106016

5.     Applicant and Attorneys have agreed, subject to this Court's approval, that Attorneys will represent the estate in the aforesaid matters for a contingency fee of 45% of all monies recovered, plus reimbursement of reasonable costs and expenses.

6.     The aforesaid law firms are not disinterested because they have an interest in the litigation, as the firms are to be hired on a contingency fee basis. However, said firms are not disqualified for employment as special counsel because, as appears from the Affidavits of the Attorneys, which accompanies the instant Application, such law firms do not represent or hold any interest adverse to the Debtor or the estate with respect to the special matters upon which said firms are to be employed.

7.     The terms of the proposed contingency fee described herein are comparable to those in similar, non-bankruptcy matters.

**IT IS THEREFORE ORDERED** that the Applicant is granted and that the employment of the law firms of Wilcox & Lacy, PLC, Scholtens & Averitt, PLC and Rainwater Holt & Sexton, under the terms herein specified herein, to represent him as special counsel is approved by the Court.

_Phyllis M. Jones_
Phyllis M. Jones
United States Bankruptcy Judge
Dated: 09/12/2016

*Distribution via ECF to:*

RICHARD L. COX
LONNIE GRIMES
TONY L. WILCOX
ROBERT M. SEXTON
CHRIS AVERITT

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

RICHARD L. COX, TRUSTEE, ON BEHALF OF THE
BANKRUPTCY ESTATE OF KELLY RYAN                              PLAINTIFF

vs.                                     CASE NO._____

AMERICAN RED CROSS; and JOHN DOE
DEFENDANTS 1-5                                               DEFENDANTS

### AFFIDAVIT

I, Chris A. Averitt, attorney for   Richard L. Cox, Trustee, on Behalf of the Estate of Kelly

Ryan, do solemnly swear and affirm that the identity of the additional tortfeasors stated as John Does

1-5 are unknown. I have attempted a diligent inquiry to ascertain the identity of any such tortfeasors,

but have been unable to determine the identity of said tortfeasors. Upon determination of the identity

of the additional tortfeasors, I will amend the Complaint and substitute the real names for the

pseudo-names.

_____
Chris A. Averitt

STATE OF ARKANSAS
COUNTY OF CRAIGHEAD

SUBSCRIBED AND SWORN TO before me this ___ day of January, 2017.

_____
NOTARY PUBLIC

My Commission Expires: 11-08-26

OFFICIAL SEAL - 12699358
**STEPHANI WINEMILLER**
NOTARY PUBLIC-ARKANSAS
CRAIGHEAD COUNTY
MY COMMISSION EXPIRES: 11-08-26

**EXHIBIT**
**B**

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Feb-09  14:17:46
60CV-17-298
C06D12 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

RICHARD L. COX, TRUSTEE, ON BEHALF OF THE
BANKRUPTCY ESTATE OF KELLY RYAN                          PLAINTIFF

vs.                              CASE NO.60CV-17-298

AMERICAN RED CROSS; and JOHN DOE
DEFENDANTS 1-5                                            DEFENDANTS

## AFFIDAVIT OF SERVICE

Chris A. Averitt, attorney for Plaintiff herein, states:

1.      That I sent a copy of the Summons and Complaint filed herein, by

"Certified Mail/Return Receipt Requested/Restricted Delivery" to American Red Cross,

Lori Polacheck, General Counsel for Defendants herein, and a signed return postage

receipt, is attached hereto, marked Exhibit "A", which reflects service upon American

Red Cross.

## VERIFICATION

I, Chris A. Averitt, attorney for the Plaintiff, first having been duly sworn on oath,

stated the facts set forth in the foregoing Affidavit of Service are true to the best of my

knowledge.

_____
CHRIS A. AVERITT

STATE OF ARKANSAS
COUNTY OF CRAIGHEAD

Subscribed and sworn to before me, a Notary Public, on this 9th day of February,
2017.

_____
Notary Public

My Commission Expires:

11-08-26

OFFICIAL SEAL - #12639358
STEPHANI WINEMILLER
NOTARY PUBLIC-ARKANSAS
CRAIGHEAD COUNTY
MY COMMISSION EXPIRES: 11-08-26

Exhibit "A"

Civil Return Receipt:



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

American Red Cross
Attn: General Counsel
Attn: Lori Polacheck, Assoc General
                              Counsel
2025 East Street, N.W.
Washington D.C., WA 20000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Mike Averies

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail®        ☐ Priority Mail Express™
☐ Registered            ☒ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
(Transfer from service label)
7011 3500 0000 0860 7790

PS Form 3811, July 2013          Domestic Return Receipt

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Feb-23  15:25:11
60CV-17-298
C06D12 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

RICHARD L. COX, TRUSTEE, ON BEHALF OF THE
BANKRUPTCY ESTATE OF KELLY RYAN                          PLAINTIFF

vs.                          CASE NO.60CV-17-298

AMERICAN RED CROSS; and JOHN DOE
DEFENDANTS 1-5                                           DEFENDANTS

## AFFIDAVIT OF SERVICE

Chris A. Averitt, attorney for Plaintiff herein, states:

1.      That I sent a copy of the Summons and Complaint filed herein, by

"Certified Mail/Return Receipt Requested/Restricted Delivery" to American Red Cross,

Lori Polacheck, General Counsel for Defendants herein, and a signed return postage

receipt, dated February 16, 2017, is attached hereto, marked Exhibit "A", which reflects

service upon American Red Cross.

## VERIFICATION

I, Chris A. Averitt, attorney for the Plaintiff, first having been duly sworn on oath,

stated the facts set forth in the foregoing Affidavit of Service are true to the best of my

knowledge.

_____
CHRIS A. AVERITT

STATE OF ARKANSAS
COUNTY OF CRAIGHEAD

Subscribed and sworn to before me, a Notary Public, on this 23rd day of February,
2017.

My Commission Expires:                    _____
                                          Notary Public

_____

Exhibit "A"

Civil Return Receipt:

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  *Mike Nyclme*   C. Date of Delivery

1. Article Addressed to:

American Red Cross
ATTN: General Counsel
ATTN: Lori Polacheck, Asso.
General Counsel
2025 East Street, N.W.
Washington D.C., WA 20006

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, July 2013       Domestic Return Receipt

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Feb-24  11:42:05
60CV-17-298
C06D12 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY
TWELFTH DIVISION

RICHARD L. COX, TRUSTEE ON
BEHALF OF BANKRUPTCY ESTATE OF                          PLAINTIFF
KELLY RYAN

v.                        CASE NO. 60cv-17-298

AMERICAN RED CROSS; and JOHN DOE
DEFENDANTS 1-5                                          DEFENDANTS

## NOTICE OF APPEARANCE

Please take note that Khayyam M. Eddings of the law firm of FRIDAY, ELDREDGE &

CLARK, LLP, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201, hereby

enters his appearance as counsel on behalf of Defendant American Red Cross, and for all

future pleadings and other matters before this Court.  The undersigned requests that all

communications from this Court and all service from the parties be directed to his

attention.

Respectfully submitted,

Khayyam M. Eddings (Ark. Bar #2002008)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 370-1417
E-mail: Keddings@fridayfirm.com

Attorneys for Defendant American Red Cross

By:      /s/ Khayyam M. Eddings
         Khayyam M. Eddings

## **CERTIFICATE OF SERVICE**

I, Khayyam M. Eddings, hereby certify that on this 24th day of February, 2017, I have filed the foregoing with the Clerk of the Court for filing and uploading to the CM/ECF system, which will forward a copy of same to the following counsels of record:

Tony L. Wilcox
Wilcox Law Firm
600 South Main Street
Jonesboro, AR 72401

Chris A. Averitt
Scholtens & Averitt, PLC
600 South Main Street
Jonesboro, AR 72401

By:     */s/ Khayyam M. Eddings*
        Khayyam M. Eddings

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Feb-24  11:42:05
60CV-17-298
C06D12 : 14 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
TWELFTH DIVISION

RICHARD L. COX, TRUSTEE ON
BEHALF OF BANKRUPTCY ESTATE OF                    PLAINTIFF
KELLY RYAN

v.                              CASE NO. 60cv-17-298

AMERICAN RED CROSS; and JOHN DOE
DEFENDANTS 1-5                                    DEFENDANTS

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant American National Red Cross ("Defendant" or "Red Cross"), by and through its undersigned counsel, FRIDAY, ELDREDGE & CLARK, LLP, and for its Answer to Plaintiff's Complaint, states as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore they are denied.

2.      Paragraph 2 of Plaintiff's Complaint contains no allegations against the Defendant and therefore requires no response.  Insofar, however, as Plaintiff attempts to make allegations against Defendant in paragraph 2, Defendant denies them.

3.      Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and therefore they are denied.

5.      While Defendant admits that the events giving rise to this cause of action occurred in Little Rock, Pulaski County, Arkansas, Defendant denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      While Defendant admits that the events giving rise to this lawsuit occurred in Arkansas, Defendant denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      In response to paragraph 7 of Plaintiff's Complaint, Defendant incorporates its responses to paragraphs 1 through 6, herein by reference.

8.      Paragraph 8 of Plaintiff's Complaint contains no allegations against the Defendant and therefore no response is required. Insofar, however, as Plaintiff attempts to make allegations against Defendant in paragraph 8, Defendant denies them.

9.      Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore they are denied.

10.     Defendant admits that Plaintiff entered a room at Arkansas Children's Hospital ("ACH"), but denies that blood was drawn.   Any remaining allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11.     Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies the allegation contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegation contained in paragraph 16 of Plaintiff's Complaint and therefore they are denied.

17.     Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore they are denied.

18.     Defendant denies the allegation contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore they are denied.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore they are denied.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint and therefore they are denied.

22.     While Defendant admits that it entered into a consent decree reached in *United States v. American National Red Cross*, as alleged in paragraph 22 of Plaintiff's

Complaint, Defendant states that the decree has expired and all remaining allegations contained in paragraph 22 of Plaintiff's Complaint are denied.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     In response to paragraph 25 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 24 of Plaintiff's Complaint by reference.

26.     Defendant admits the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint including those contained in its subparts.

29.     Paragraph 29 of Plaintiff's Complaint contains no allegation against the Defendant and therefore no response is required.   Insofar, however, as Plaintiff attempts to make allegations against the Defendant in paragraph 29, they are denied.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

4

33.     Defendant incorporates its responses to paragraphs 1 through 32 of Plaintiff's Complaint by reference.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint and therefore they are denied.

35.      Defendant denies the allegation contained in paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.      Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     In response to paragraph 42 of Plaintiff's Complaint, Defendant incorporates its responses to paragraphs 1 through 41 of Plaintiff's Complaint by reference.

43.    Defendant admits the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.    While Defendant admits that is a competent and competently-staffed organization that operates a nationwide blood bank that collects blood and blood components from donors and supplies it to hospitals for use in transfusions, Defendant denies the remaining allegations contained in paragraph 44 of Plaintiff's Complaint.

45.    Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.    Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.    While Defendant admits that some people have allergies to iodine, it denies the remaining allegations contained in paragraph 47 of Plaintiff's Complaint.

48.    Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.    Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.    Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.    Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.    Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.    Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.    Defendant denies the allegations contained in paragraph 54 of Plaintiff's complaint.

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Complaint and therefore they are denied.

56.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint and therefore they are denied.

57.    Defendant denies that Plaintiff is entitled to any of the relief prayed for in paragraph 57 of Plaintiff's Complaint.

58.    Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.    Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.    Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint and that Plaintiff is entitled to any of the relief prayed for therein.

61.    Defendant denies that the Plaintiff is entitled to any of the relief requested in paragraph 61 of Plaintiff's Complaint.

62.    Paragraph 62 of Plaintiff's Complaint contains no allegations against the Defendant and therefore no response is required.   Insofar, however, as Plaintiff attempts to make allegations against the Defendant in paragraph 62, Defendant denies them.

63.     Defendant joins in Plaintiff's request for a trial by jury.

64.     Defendant denies that Plaintiff is entitled to any of the relief requested in the prayer of the Complaint.

65.     Defendant reserves the right to amend this Answer after discovery of all the relevant facts are completed.

66.     Defendant denies separately and specifically each and every material allegation of Plaintiff's Complaint not otherwise admitted herein.

67.     Pleading affirmatively, Plaintiff's Complaint fails to state a claim for which relief may be granted.

68.     Pleading affirmatively, Defendant states that it is immune from suit in tort pursuant to the Arkansas doctrine of charitable immunity and the Plaintiff's Complaint should be dismissed with prejudice.

69.     Plaintiff has failed to state facts upon which relief can be granted against the Defendant.

70.     Plaintiff's claims against the Defendant are barred, in whole or in part, by the doctrines of settlement, release, accord and satisfaction or performance.

71.     Plaintiff's claims against the Defendant are barred, in whole or in part, by applicable statutes of limitation, latches, or other inaction on the part of Plaintiff.

72.     Plaintiff's claims against the Defendant are barred, in whole or in part, by the doctrines of waiver or consent.

73.     Plaintiff's claims against the Defendant are barred, in whole or in part, by the doctrines of estoppel, including promissory estoppel, equitable estoppel and judicial estoppel.

8

74.     Plaintiff's claims against the Defendant are barred, in whole or in part, by pending or prior litigation, including the doctrines of issue and claim preclusion or collateral attack.

75.     The Defendant acted in good faith and in substantial compliance with applicable state and federal constitutions, laws, rules and regulations.

76.     Because the Defendant is currently without knowledge or information sufficient to form a belief as to whether it might have additional defenses, the Defendant reserves the right to assert any other matter(s) constituting avoidances or affirmative defenses after further investigation and discovery.

77.     Pleading affirmatively, the Defendant states and reserves the right to plead further any and all other affirmative defenses that may be applicable to this claim including, but not limited to, intervening cause inasmuch as if true, the injuries and damages alleged in the Plaintiff's Complaint appear to be the result of an act or omission of another person, entity or proximate intervening cause and, therefore, the Plaintiff's Complaint should be dismissed with prejudice.

78.     Pleading affirmatively, Defendant specifically asserts its rights to contribution, allocation of fault, credit, indemnity, set off and any other reduction of damages as to any party or non-party tortfeasor who may be released by the Plaintiff or who may be found to be at fault, or as may otherwise be available under Arkansas law.

79.     Defendant specifically denies subject matter jurisdiction and affirmatively pleads that the Complaint should be dismissed for lack of subject matter jurisdiction.

80.     Pleading affirmatively, Defendant states and reserves the right to plead further any and all other affirmative defenses that may be applicable to this claim

9

including, but not limited to, contributory negligence and any other matter constituting an avoidance or affirmative defense.

81.     Pleading affirmatively, Defendant states that the Plaintiff's Complaint fails to state facts upon which relief can be granted to support an award of punitive damages and the claim for punitive damages should be dismissed with prejudice. Pleading further, Defendant states that the conduct at issue as alleged in the Complaint cannot constitute malice as a matter of law. Any award premised on the facts as alleged in the Complaint would be the result of mere passion and prejudice and would necessarily shock the conscience of this and any other Arkansas Court and, therefore, the punitive damages claim should be dismissed with prejudice.

82.     Pleading affirmatively, Defendant states that the Plaintiff's allegations pertaining to punitive damages were intentionally made without reasonable cause and are untrue and this Defendant seeks recovery of all costs permitted by Arkansas law in defending these allegations.

83.     Pleading affirmatively, Defendant states that for each of the following reasons, the Plaintiff's punitive damages claim violates this Defendant's due process and equal protection rights accorded under the United States Constitution and as made applicable by the Fourteenth Amendment, as well as the corresponding due process provisions of the Arkansas Constitution, and that punitive damages claim should therefore be dismissed with prejudice:

> a.  An award of punitive damages is punishment, and without the same protections that are accorded to criminal defendants, including but not limited to protections against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront

adverse witnesses, a speedy trial and the effective assistance of counsel, any punitive damages awarded in this case would violate this Defendant's rights under Amendments IV, V and VI of the United States Constitution, as incorporated by Amend. XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

b. The Defendant is entitled to, but will not receive, fair notice regarding the amount of potential punitive damages award. Under current law, the Defendant cannot receive fair notice regarding punitive damages.

c. Any punitive damages awarded to the Plaintiff in this case under existing law would be arbitrary and would thus violate this Defendant's constitutional rights because⊗1) punitive damages are not subject to a predetermined limit; (2) there is no reasonable standard for determining a limit to punitive damages in this case; (3) the jury is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (4) there is no established burden of proof for punitive damages, any award of punitive damages without requiring the Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence violates the Defendant's constitutional rights; (5) the jury is permitted to award punitive damages even though the law does not define with sufficient clarity the conduct and mental state that

11

make punitive damages permissible and the trier of fact is not given sufficient guidelines regarding how to determine the reprehensibility of the Defendant's conduct including but not limited to consideration of the character and degree of the alleged wrong and whether to discriminate between economic harm and physical harm; (6) the jury is not instructed on the limits of punitive damages imposed by applicable principles of deterrence and punishment; (7) the jury is not prohibited from awarding punitive damages, in whole or in part, on the basis of insidiously discriminatory characteristics including the personal or corporate status of a defendant; and (8) the award is not subject to judicial review on the basis of objective standards.

d. An award of punitive damages premised on the facts as alleged in the Complaint would necessarily be grossly excessive in relation to the state's legitimate interest in punishment and deterrence.

e. An award of punitive damages under Arkansas and federal law compensates the Plaintiff for elements of damage that are not otherwise recognized by law and which constitute an unlawful windfall to the Plaintiff;

f. The trier of fact is not instructed that the Plaintiff is presumed to have been made whole by any compensatory damages award and thus an award of punitive damages violates the Defendant's due process rights because it subjects the Defendant to an acute danger of unlawful and unreasonable deprivation of property; and

g. An award of punitive damages in this matter would constitute an unlawful taking of the Defendant's property in violation of the Arkansas and United States Constitutions.

84. All allegations of negligence, malice, damages and proximate causation are separately and specifically denied.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint and award Defendant's costs, and grant all other relief which the Court deems just and proper.

Respectfully submitted,

Michelle Ator (Ark. Bar 95189)
Khayyam M. Eddings (Ark. Bar #2002008)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 370-1417
Facsimile: (501) 537-2903
E-mail: keddings@fridayfirm.com

Attorneys for Defendant Red Cross

By:   */s/ Khayyam M. Eddings*
Khayyam M. Eddings

## CERTIFICATE OF SERVICE

I, Khayyam M. Eddings, hereby certify that on this 24th day of February, 2017, I have filed the foregoing with the Clerk of the Court for filing and uploading to the CM/ECF system and a copy of this Answer has been mailed via U.S. Postal Service, prepared to the following counsel of record:

Tony L. Wilcox
Wilcox Law Firm
600 South Main Street
Jonesboro, AR 72401

Chris A. Averitt
Scholtens & Averitt, PLC
600 South Main Street
Jonesboro, AR 72401

By:     */s/ Khayyam M. Eddings*
Khayyam M. Eddings

14

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Feb-24  11:45:00
60CV-17-298
C06D12 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY
TWELFTH DIVISION

RICHARD L. COX, TRUSTEE ON
BEHALF OF BANKRUPTCY ESTATE OF                                   PLAINTIFF
KELLY RYAN

v.                                    CASE NO. 60cv-17-298

AMERICAN RED CROSS; and JOHN DOE
DEFENDANTS 1-5                                                   DEFENDANTS

### NOTICE OF APPEARANCE

Please take note that Michelle Ator of the law firm of FRIDAY, ELDREDGE & CLARK,
LLP, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201, hereby enters
her appearance as counsel on behalf of Defendant American Red Cross, and for all
future pleadings and other matters before this Court.  The undersigned requests that all
communications from this Court and all service from the parties be directed to her
attention.

Respectfully submitted,

Michelle Ator (Ark. Bar 95189)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 370-1417
E-mail: Keddings@fridayfirm.com

Attorneys for Defendant American Red Cross

By:    */s/ Michelle Ator*
       Michelle Ator

## **CERTIFICATE OF SERVICE**

I, Michelle Ator, hereby certify that on this 24th day of February, 2017, I have filed the foregoing with the Clerk of the Court for filing and uploading to the CM/ECF system, which will forward a copy of same to the following counsels of record:

Tony L. Wilcox
Wilcox Law Firm
600 South Main Street
Jonesboro, AR 72401

Chris A. Averitt
Scholtens & Averitt, PLC
600 South Main Street
Jonesboro, AR 72401

By:     */s/ Michelle Ator*
Michelle Ator